UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN D. ESCO, ET AL.                                   CIVIL ACTION NO.

VERSUS

                                                       23-134-JWD-EWD

PEDRO FERMIN TENA, ET AL.

**NOTICE AND ORDER**

Plaintiffs John D. and Valery Esco filed their Complaint in this Court on February 24, 2023.[1] Plaintiffs allege that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. 1332. The Complaint affirmatively alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] However, the Complaint does not adequately allege the citizenship of any of the parties. As to Plaintiff and Defendant Pedro Fermin Tena, the Complaint only alleges the residency.[3] The citizenship of an individual is determined by the individual's *domicile*, not residency.[4]

The citizenship of Defendants National Transportation Insurance Company, Risk Retention Group, LLC ("NTIC") and Pasillas Trucking, LLC has also not been properly alleged. The citizenship of a limited liability company, which is what NTIC and Pasillas appear to be as indicated by "LLC" in their names, is determined by the citizenship of all its members.[5] Each member of the LLC must be specifically identified and citizenship alleged as to each.[6] General

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ 9.
[3] R. Doc. 1, intro. paragraph and ¶ 1(1),
[4] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of a corporation, however, is determined by its place of incorporation and principal place of business, and both must be affirmatively alleged. *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[6] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See also*, *Cavender Enterprise Leasing Family, LLC v. First States*

allegations that do not specifically identify each member and allegations phrased in the negative, *i.e.*, "none of the members are citizens of" a state, are insufficient.[7] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[8]

Accordingly,

**IT IS ORDERED** that, by no later than **March 28, 2023**, Plaintiffs John D. and Valery Esco shall file a motion for leave to file an amended Complaint that properly alleges the citizenship of all parties, and which includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended. If the motion for leave to amend is granted, the amended Complaint will become the operative Complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on March 21, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

*Investors 4200 LLC*, No. 10-1667, 2011 WL 3664563, at **1 and 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company.").

[7] *Truxillo v. American Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016), citing *Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013) (allegations of citizenship phrased in the negative are insufficient).

[8] The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).